The court.
Grimkr, J.
Was dear the objection deserved no countenance. For that the law had entrusted to the county coürts the taking of such bonds, in behalf of the public, and would never presume that they were not properly taken; and even if taken in the way this, bond appears to have been taken, yet the courts ought to support them. The county -courts may be considered as the agents of the defendants, as well as of the treasurers,or the public.; and as agents of the defendants they wrote and executed the:bond, pursuant to the intention of both parties. That good faith, and the public interest, required that such a construction should be made of the transaction as might confirm the bond, and compel the defendants to answer according to the intention, of the parlies, as evidenced' by the nature of the transaction, if consistent with the rules and principles of law. Upon this principle the bond ought to be con *24 sideíéd as the concurrent act of the parties, executed by tlioir mu. tual agent, conformably to their express directions;
Mathis, for plaintiffs. Bkevak», fot defendants.
Nonsuit refused. Verdict for the plaintiffs.
A motion was afterwards madé, in this cause, for a new trial, iri the Constitutional Court at Columbia, in which the same doctrine' Was insisted on for the defendants as ih the argument above stated ; but the court refused to grant a new trial, being of opinion that the presiding judge,' at the trial in íhé district court, had properly decided.
Note. — Th'a writing must be finished before it be sealed and delivered, or, at least, before it be delivered; for nothing can be added to it afterwards : nor can" any alteration be made in it; and, therefore, if a blank be left for the sum, which is filled up after sealing and delivery this will make the deed void. Moore, 28. Hetley, 136. Co. Litt. 225. b. Wood’s Conv. 197.